## BLAS *v.* COLÓN ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 36. Resuelto en Febrero 21, 1905.

APELACIÓN.—PRUEBAS.—DOCUMENTOS PRESENTADOS AL TRIBUNAL DE APELACIÓN.
Los documentos que se presenten al Tribunal de Apelación, y que no formen parte de los autos del caso, no pueden ser tomados en consideración al resolverse el recurso interpuesto.
NULIDAD DE ACTUACIONES.—JUICIO VERBAL.—PRUEBA DE CONFESIÓN.—Dictada sentencia condenatoria en juicio verbal seguido contra un esposo y su consorte, con la sóla prueba de *confesión* hecha por el primero *á nombre* de la segunda, y solicitada la nulidad de tal juicio porque la confesión ha de recaer sobre hechos *personales* del confesante, que *no puede hacerla á nombre de otro, se resolvió* que habiendo la esposa ratificado dicha confesión por actos posteriores, que demuestran su voluntad de tenerla por válida y eficaz, no puede tal defecto, aún existiendo y habiendo sido probado, constituir motivo de nulidad.
ID.—TERCERÍA DE DOMINIO.—EMBARGOS.—Si el embargo decretado en un juicio perjudicare derechos de alguna persona que no hubiere sido demandada en el mismo, la acción que compete á ésta para hacer valer sus derechos, no es la de nulidad, sino la de tercería, en la que puede hacer todas las alegaciones tendentes á identificar, deslindar y probar el dominio de las fincas, con todas sus consecuencias.
CONTRATOS SIMULADOS.—FRAUDE DE ACREEDORES.—La simulación de un contrato de compra-venta, no puede favorecer á una parte que solicite su nulidad como hecho en fraude de su crédito, si no aparece justificado su carácter de acreedor del vendedor, otorgante de aquél contrato.
ID.—COMPLICIDAD DEL ADQUIRENTE EN EL FRAUDE.—La rescisión de una enagenación, como hecha en fraude de acreedores, no puede decretarse si no se acredita, por los diferentes medios en derecho reconocidos, la complicidad del adquirente en el fraude atribuido al vendedor.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Acuña* (Eduardo).
La parte apelada no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del Tribunal.

En autos ejecutivos seguidos ante el extinguido Juzgado de primera instancia de Ponce por Lorenzo Blás Carro como cesionario de Don José Monge Engilantti, contra Don José Gutiérrez Maldonado, se adjudicaron al acreedor ejecutante Blas Carro en siete de Octubre de 1897 en pago de su crédito dos fincas: una en el barrio de Rusio, término municipal de Peñuelas, constante de treinta y una cuerdas veinte y cinco céntimos y otra en el propio barrio compuesta de ocho cuerdas, de cuyas fincas se dió posesión al adjudicatario y se inscribieron á su favor en el Registro de la Propiedad.

Don Lorenzo Blás Carro dueño ya de esas dos fincas vendió la de treinta y una cuerdas por escritura pública á Don Ramón Blas Toro, quien también la inscribió á su favor en el referido Registro.

En tramitación los autos ejecutivos que según se ha dicho seguía Carro contra su deudor José Gutiérrez Maldonado, vendió éste á Doña Eulogio Colón y Sierra, esposa de Don Prudencio Rodríguez Arce, una finca de veinte y cinco cuerdas. La fecha de la escritura de venta es de 28 de Setiembre de 1897 y también se inscribió á favor de la compradora en el Registro de la Propiedad. En juicio verbal seguido contra Da. Eulogia Colón Sierra y contra su esposo Prudencio Rodríguez Arce por Don Angel Maldonado y Cortí, en cobro de 396 dollars, con la sóla prueba de confesión hecha por el esposo por sí y á nombre de su esposa, que no asistió al juicio, porque se alegó motivo de enfermedad, se dictó sentencia condenatoria y en la vía de apremio se embargó la finca de Doña Eulogia Colón de veinte y cinco cuerdas que compró á Don José Gutiérrez Maldonado y se tomó razón de dicho embargo en el Registro, constando que en Mayo 15 de 1903 se dictó auto de adjudicación á favor del demandante Don Angel Maldonado. Es de notar que Doña Eulogia Colón

Sierra no opuso reparo alguno á ese juicio verbal civil y antes al contrario hizo gestiones posteriores á la prueba de confesión que demuestran su conformidad con la tramitación dada al juicio hasta que se dictó sentencia condenatoria.

Don Lorenzo Blas Carro y Don Ramón Blas Toro con esos antecedentes y partiendo del supuesto de que el embargo, anotación y ordenada adjudicación se refieren á veinte y cinco cuerdas que están comprendidas entre las adquiridas y poseídas por aquellos, presentaron contra Don Angel Maldonado y los esposos Don Prudencio Rodríguez Arce y Da. Eulogia Colón Sierra, en 15 de julio de 1903, en la Corte de Ponce, la demanda de autos, en la que, después de referir los hechos que quedan expuestos, alegaron y solicitaron:

Primero. Que se declarase nulo el juicio verbal civil entre Maldonado y dichos esposos porque la confesión en juicio ha de recaer sobre hechos personales del confesante y es necesario que éste tenga capacidad para hacerla y el esposo, por tanto, no pudo confesar válidamente sobre hechos que se referían á su esposa.

Segundo. Que se declarara rescindida, y por tanto nula, la escritura de 28 de Setiembre de 1897, que se refiere á la venta de la finca de 25 cuerdas, hecha por Don José Gutiérrez Maldonado á favor de Doña Eulogia Colón y Sierra, esposa de Rodríguez, porque son rescindibles los contratos celebrados en fraude de acreedores, y los que se refieren á cosas litigiosas, cuando se celebren con el demandado, sin conocimiento y aprobación de las partes litigantes ó de la autoridad judicial competente, reputándose al propio tiempo fraudulentas las enagenaciones hechas después de expedido mandamiento de embargo.

Tercero. Que se declare como de la propiedad de los demandantes el terreno que se les detenta por consecuen-

cia del embargo trabado con motivo de aquél juicio verbal civil, reintegrándoles y amparándoles en su posesión.

Y cuarto. Que se cancelen la inscripción y anotación preventiva que aparecen á los folios 231 y su vuelto del tomo 11 de Peñuelas, finca número 257, citando en su apoyo los artículos 1231, 1261, 1291, 1294 y 1297 del Código Civil antiguo y los correspondientes del Revisado.

Esa demanda se tramitó en rebeldía de los demandados compareciendo solamente en el acto de la celebración del juicio Don Angel Maldonado. Se practicó prueba de confesión, documental y testifical propuesta por el actor y tendente toda ella á demostrar la simulación de la deuda que se cobró por el ya referido juicio verbal civil.

La Corte de Distrito de Ponce, después de considerar que la prueba incumbe al actor, que la acción reclamada en juicio se funda en la nulidad de un acto preexistente y que no se han justificado las infracciones legales que los actores alegan que se cometieron en el juicio verbal civil cuya nulidad se solicita, dictó sentencia en 2 de Diciembre de 1903 declarando sin lugar la demanda y absolviendo de ella á los demandados, con imposición de las costas á los demandantes.

Estos interpusieron apelación que se les admitió y con las correspondientes copias se personaron ante esta Corte Suprema, por medio del Letrado Don Eduardo Acuña quien presentó copia de una sentencia que no consta en el record y que por tanto no merece consideración, y el alegato sometiendo al exámen de esta Corte el punto de nulidad del juicio verbal civil, alegando sustancialmente las mismas razones que sobre el mismo motivo se alegaron en la demanda, con exposición de otras sobre la simulación de esa deuda, y en el acto de la vista desarrolló oralmente cuanto creyó conducente á su derecho, sin que concurriera ninguno de los apelados.

El juicio verbal civil debatido no puede declararse nu-

lo, aún suponiendo que adoleciese del vicio de nulidad que se alega, y que éste se hubiera probado, porque el acto de la confesión hecha por el esposo, á nombre de su consorte, quedó convalidado por el reconocimiento que ella hizo de dicha confesión, ratificándola por actos posteriores que demostraron su voluntad de tenerla por válida y eficaz. Pero es que los demandantes, hoy apelantes, no son parte en ese juicio, sino en cuanto pudiera perjudicarles en algún derecho, y el único acto que pudo causarles perjuicio fué el embargo de tierras que dicen que son de su propiedad, y entonces el camino recto y procedente no era el de alegar supuestas nulidades, sino el juicio de tercería, en donde cabían todas las alegaciones tendentes á identificar, deslindar, y probar el dominio de las mismas con todas sus consecuencias.

No puede aprovechar tampoco á los apelantes el hecho de que la deuda, que por Maldonado se reclamaba á los esposos Rodríguez Colón, fuera simulada, porque no consta que aquéllos fueran acreedores de éstos, y en tales condiciones no pueden sostener que se trataba de eludir el pago de tales acreencias.

Aquí terminaríamos nuestro estudio, pero en la súplica de la demanda, conjuntamente con la nulidad ya considerada, se solicita la rescisión del contrato de compra-venta celebrado entre Don José Gutiérrez Maldonado y Doña Eulogia Colón Sierra, con fecha 28 de Setiembre de 1897, por haberse hecho en fraude de acreedores, pero no es posible rescindir como fraudulenta la enagenación, si no se acredita, por los diferentes medios en derecho reconocidos, la complicidad del adquirente en el fraude atribuido al vendedor, y en este caso concreto que ocupa nuestra atención no se ha hecho prueba alguna tendente á demostrar los hechos necesarios al fin que se propusieron.

Las demás pretensiones 3a. y 4a. de la súplica de la demanda descansan en el éxito de las dos primeras cuestiones planteadas ó sea la nulidad y la rescisión, pero como

éstas ya se ha visto que no pueden prosperar, caen aqué-
llas por su base.

Por todo lo expuesto y por el propio fundamento de la
sentencia que dictó la Corte de Ponce en dos de Diciem-
bre de 1903, proponemos su confirmación con las costas á
los demandantes.

Jueces concurrentes: Sres. Presidente Quiñones y
Asociados, Hernández, MacLeary y Wolf.